IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIONTAY KIMBERLY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  24 C 11103 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| NICHOLAS MUKITE, ANDREW DAVID | ) | |
| TIMOTHY GIORZKOWSKI, DAVID MAGANA | ) | |
| and LEE CALDWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Diontay Kimberly alleges that on September 15, 2021, defendants—Police Officers Nicholas Mukite, Lee Caldwell, Andrew David, Timothy Giorzkowski, and David Magana—unlawfully seized him while he was sitting in his parked car, and then used excessive force to get him out of the car. By doing so, he alleges, defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution and are thus liable under 42 U.S.C. § 1983. Plaintiff also alleges that the same conduct violated his rights under the Illinois Constitution.

Defendants move to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). They argue that plaintiff has pleaded himself out of court by pleading facts establishing that his complaint is untimely. Plaintiff opposes. For the following reasons, the court grants defendants' motion.

1

## **BACKGROUND**

### **Factual Background**

Plaintiff alleges the following facts in his complaint, which are taken as true in resolving defendants' motion to dismiss. Alam v. Miller Brewing Co., 709 F.3d 662, 665-66 (7th Cir. 2013). On September 15, 2021, plaintiff was sitting in his legally parked car in the Evergreen Park public police parking lot, when an unmarked police SUV blocked his car, and Officer Mukite approached his window, informing plaintiff that plaintiff had an outstanding warrant. Plaintiff gave his driver's license to Mukite, who then returned to the police SUV while another officer, Officer Magana, stayed by plaintiff's window. After Mukite ran plaintiff's license through the system, Mukite returned to plaintiff's window and told plaintiff to step out of the car. Plaintiff asked whether he had any outstanding warrants (which plaintiff knew did not exist) and why he was being asked to get out of the car (since plaintiff had not committed any crime or traffic violation).

Mukite then became "furious and frustrated because [plaintiff was] asserting [his] Constitutional rights." So Mukite called Officers David and Caldwell to the scene, at which point the officers had all drawn their firearms and were pointing them at plaintiff. In response, plaintiff asked to talk to their supervisor.

Eventually, Sargeant Giorzkowski arrived at the scene. Plaintiff asked Giorzkowski what he had done wrong and whether he had an outstanding warrant. Giorzkowski told plaintiff to "step out of the vehicle or I'm going to take you out!" Giorzkowski then "suddenly . . . bust[ed]" plaintiff's car window, "causing lacerations to [plaintiff's] arms, neck, and legs."

**Procedural Background**

On October 17, 2024, plaintiff signed a complaint against defendants and the City of Chicago, which the court received on October 28, 2024. In it, plaintiff alleges that defendants' above conduct violated his rights under the Fourth and Fourteenth Amendment to the United States Constitution—making them liable under section 1983—and that the same conduct violated his rights under the Illinois Constitution. He seeks "5 million dollars for mental illness, loss of wages, pain and suffering, loss of enjoyment, and libel."

On January 10, 2025, the court issued a screening order under 28 U.S.C. § 1915A, finding that plaintiff could proceed on his claims for unlawful seizure and excessive force against defendants but not against the City. The court therefore dismissed the City, and allowed plaintiff to proceed against defendants.

**DISCUSSION**

Defendants now move to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the sufficiency of the complaint. See Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of a claim's basis and must be facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of

3

misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." Id. at 679 (cleaned up).

A plaintiff, moreover, can plead himself out of court if he pleads facts that preclude relief. See Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007). One way a plaintiff might do that is if he "plead[s] facts that show that his suit is time-barred." Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993). Although "[d]ismissing a complaint as untimely at the pleading stage is an unusual step"—"since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations"—a court may do so if the plaintiff alleges "facts sufficient to establish the complaint's tardiness." Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP, 559 F.3d 671, 674-75 (7th Cir. 2009).

Defendants contend here that plaintiff has done just that. According to defendants, plaintiff alleges in his complaint that the constitutional violations that give rise to his section 1983 claim occurred on September 15, 2021. But, they argue, the statute of limitations for a section 1983 claim is two years. Because plaintiff did not file his claim until October 2024 at the earliest, defendants conclude that his claim is barred.

In response, plaintiff argues that his complaint was not untimely. According to plaintiff, he was "found not guilty by a jury on May 10, 2023," and he had two years from that date of acquittal to file his complaint. Because he filed his section 1983 claim for "unlawful seizure[ ] and excessive force" before May 10, 2025, he concludes that his claim was timely filed.

The court finds that plaintiff's section 1983 claim is untimely. Section 1983 provides a cause of action against a person, who, acting under color of state law, deprives an individual of any "rights, privileges, or immunities secured by the Constitution and laws of the United States."

Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (cleaned up). It provides the procedural vehicle "for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (citation omitted). A plaintiff asserting a section 1983 claim must identify the specific constitutional right that was infringed. Id. at 394. Plaintiff here has asserted a section 1983 claim based on defendants allegedly infringing his constitutional right to be free from unreasonable seizure, including excessive force.

"Section 1983 does not contain an express statute of limitations." Jones v. Stehlin, No. 22-CV-50300, 2024 WL 4664489, at *3 (N.D. Ill. Nov. 4, 2024). But courts hold that section 1983 claims are nevertheless "governed by the statute of limitations for personal-injury claims in the state where the plaintiff's injury occurred." Neita v. City of Chi., 830 F.3d 494, 498 (7th Cir. 2016). In Illinois—where plaintiff alleges that his injury occurred—the "statute of limitations for personal-injury actions is two years from when the cause of action accrued." Id. (citing 735 ILCS 5/13-202). "Although state law determines the applicable statute of limitations, the 'accrual date of a § 1983 cause of action is a question of federal law.'" Prince v. Garcia, No. 22-CV-05703, 2024 WL 4368130, at *3 (N.D. Ill. Sept. 30, 2024) (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)).

Under federal law, "a claim asserting that a search or seizure violated the fourth amendment—and excessive force during an arrest is such a claim—accrues immediately." Evans v. Poskon, 603 F.3d 362, 363 (7th Cir. 2010) (cleaned up). In other words, a claim for unlawful seizure or excessive force accrues—and the statute of limitations begins to run—at the time the defendant police officer allegedly effectuated the seizure or used the excessive force. Prince, 2024 WL 4368130, at *3 & *7.

Here, plaintiff alleges that he was harmed on September 15, 2021, when defendants blocked his car and smashed his car window. So his unlawful seizure and excessive force claims accrued—and the statute of limitations on his section 1983 claim began to run—that same day. Plaintiff therefore needed to bring his lawsuit over this incident no later than September 15, 2023—two years later. But plaintiff did not even sign his complaint (let alone get a filing date) until October 17, 2024—more than a year too late. Plaintiff's section 1983 claim is thus untimely.

Plaintiff's attempt to avoid this conclusion based on his assertion that his claim did not begin to accrue until after his acquittal, is unavailing. Indeed, he provides no support for that assertion. And the fact is: "Subsequent criminal proceedings or incarceration do not ordinarily toll the limitations period" for unlawful search and seizure claims. DeLarosa v. Vill. of Romeoville ("DeLarosa I"), No. 23 CV 7049, 2024 WL 1579394, at *3 (N.D. Ill. Apr. 11, 2024), aff'd, No. 24-1715, 2024 WL 4523808 (7th Cir. Oct. 18, 2024); see also Evans, 603 F.3d at 363 ("The prospect that charges will be filed, and a conviction ensue, does not postpone the claim's accrual."); Neita, 830 F.3d at 496 & 498 (using the date of the alleged illegal search, not the date of acquittal on a related charge, as the accrual date); DeLarosa v. Vill. of Romeoville ("DeLarosa II"), No. 24-1715, 2024 WL 4523808, at *2 (7th Cir. Oct. 18, 2024) ("subsequent prosecution did not delay accrual" of DeLarosa's unreasonable search and seizure claims). Plaintiff has provided no basis for finding that his acquittal should toll the limitations period here.

Because plaintiff filed his complaint more than two years after the alleged unlawful seizure and excessive force occurred, his section 1983 claim is untimely. This conclusion also sinks any related claim plaintiff has under the Illinois Constitution. That is because any such

6

claim is "governed by" the even shorter "one-year statute of limitations that applies to claims against local governments and governmental employees." DeLarosa II, 2024 WL 4523808, at *2 (citing Williams v. Lampe, 399 F.3d 867, 870 (7th Cir. 2005)). "The one-year limitation applies even to state-law claims that are joined with § 1983 claims governed by a two-year statute of limitations." Id. And although there is no basis here to toll the limitation period on his state law claim, see Jimenez v. Herrera, No. 95 C 1956, 1996 WL 99715, at *4 (N.D. Ill. Mar. 4, 1996) (rejecting argument that the statute of limitations for an excessive force claim under the Illinois Constitution "was not triggered until the criminal proceedings against [him] were terminated," explaining that the claim is "in no way dependent upon the outcome of the criminal proceedings and therefore [it] accrued on the date of the plaintiff's arrest"), even if there were, his complaint would still be untimely—the complaint was filed more than a year after his acquittal.

  In short, plaintiff's complaint is untimely. The court thus grants defendants' motion to dismiss the complaint. And because there is no reasonable basis to believe that the deficiencies in his claims can be cured by amendment, the dismissal is with prejudice. See Prince, 2024 WL 4368130, at *3 ("Because the flaw in these counts"—filing them more than two years after the arrest in which excessive force was allegedly used—"cannot be cured by repleading, the dismissal is with prejudice"); see also Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts . . . have broad discretion to deny leave to amend . . . where the amendment would be futile." (cleaned up)); Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (affirming dismissal of pro se inmate's complaint with prejudice where "the defects . . . identified in the complaint [were] not remediable by amending

the allegations," such that "it would [have] be[en] futile to allow [the plaintiff] another shot to plead his claims").[1]

## CONCLUSION

For the above reasons, the court grants defendants' motion to dismiss for failure to state a claim [13]. Plaintiff's complaint is dismissed with prejudice. As a result, plaintiff's motion for default judgment [18], which he filed while the defendants' motion to dismiss was pending, is denied as moot. This case is terminated.

So ordered.

ENTER:

Robert W. Gettleman
United States District Judge

**DATE: November 26, 2025**

---

[1] The court notes that plaintiff conclusorily states for the first time in his response that he was "wrongfully incarcerated because of these officers planting a firearm on [him]." This type of allegation would best be characterized as a "malicious prosecution" claim under the Fourth Amendment, which would accrue when the underlying criminal prosecution is terminated without a conviction. See DeLarosa I, 2024 WL 1579394, at *3. But plaintiff's complaint contains no allegations related to planting or fabricating evidence. And it is "[t]he axiomatic rule that a plaintiff may not amend his complaint in his response brief." Pirelli Armstrong Tire Corp. Ret. Med. Benefits Trust v. Walgreen Co., 631 F.3d 436, 448 (7th Cir. 2011). And because plaintiff did not provide any factual detail related to his conclusory new planting-evidence assertion, much less offer any meaningful indication of how he could or would amend the complaint to do so, dismissing with prejudice remains appropriate. See Gonzalez-Koeneke, 791 F.3d at 808-09 (affirming dismissal with prejudice where the plaintiff failed to "give the district court a description of her amended complaint or produce a[n] . . . amended complaint"); Indep. Tr. Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 943 (7th Cir. 2012) (affirming dismissal with prejudice where the plaintiff "did not offer any meaningful indication of how it would plead differently"); Hecker v. Deere & Co., 556 F.3d 575, 591 (7th Cir. 2009) (explaining that plaintiffs failed to "*show* the district court what they propose[d] to do" to amend the complaint by attaching an amended complaint or "indicat[ing] the exact nature of the amendments proposed" (cleaned up) (emphasis in original)).

8

9